**JUAN LIN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
Respondent.

No. 03–40540–ag.

United States Court of Appeals,
Second Circuit.

April 13, 2007.

Theodore N. Cox, New York, New York, for Petitioner.

Daniel G. Bogden, United States Attorney for the District of Nevada, Robert L. Ellman, Assistant United States Attorney, Las Vegas, Nevada, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, and Hon. PETER W. HALL, Circuit Judges.

## *SUMMARY ORDER*

Petitioner Juan Lin, a citizen of the People's Republic of China, seeks review of an August 2, 2003 order of the BIA affirming the March 1, 2002 decision of Immigration Judge ("IJ") John Opaçiuch denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Juan Lin,* No. A77 927 475 (B.I.A. Aug. 2, 2003), *aff'g* No. A77 927 475 (Immig. Ct. N.Y. City Mar. 1, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including an IJ's determination of whether an applicant possesses a well-founded fear, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Here, because the IJ did not make an adverse credibility finding and reached his decision after assuming *arguendo* that Lin was credible, her factual claims will be treated as undisputed. Accordingly, we review *de novo* the legal question of whether the facts Lin alleged establish a well-founded fear of persecution.

## I.  Exhaustion and Waiver

Under 8 U.S.C. § 1252(d)(1), this Court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." Consequently, an alien must raise before the BIA each category of relief subsequently raised in this Court. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)). Since Lin failed to make any challenge to the IJ's denial of withholding of removal or CAT relief in her brief to the BIA, this Court is without jurisdiction to consider any challenge to the denial of those claims, and the petition for review is dismissed to that extent.

Moreover, we decline to consider Lin's unexhausted argument regarding the IJ's finding that she did not suffer past persecution. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1 (2d Cir. 2007) ("Even if the government does not point out a failure to exhaust an issue before the agency, such a failure to exhaust is sufficient ground for the reviewing court to refuse to consider that issue."). Even if we were to review that finding, we would conclude that it was supported by the record as Lin alleged only that she had been forced to attend medical check-ups, which is not persecution.

## II.  Merits

To establish asylum eligibility based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). A fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005).

9

Even taking Lin's claims as true, she did not establish a connection between the truthfulness of her claims and the objective reasonableness of her fear of future persecution. Four elements must be shown to establish a well-founded fear of persecution: (1) the applicant must possess a belief or characteristic that a persecutor seeks to overcome in others by means of some mistreatment, (2) the persecutor has the capability and (3) the inclination to impose such mistreatment, and (4) the persecutor is, or could become, aware of the applicant's possession of the disfavored belief or characteristic. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 565 (2d Cir.2006). Assuming *arguendo* that Lin has satisfied the first and second elements, she has not demonstrated the third or fourth.

At most, Lin has alleged a speculative fear of arrest. She conceded that she could not prove that the Chinese government was aware that she had handed out flyers or that she had fled to the United States. She produced no evidence that the members of her group who were arrested have been persecuted. Similarly, Lin has not established that the Chinese government is in fact looking for her or is aware of her membership in a pro-democratic group. In short, there is no "solid support" for Lin's fear of future persecution. *Jian Xing Huang*, 421 F.3d at 129. As such, the IJ's denial of her application for asylum was supported by substantial evidence.

For the foregoing reasons the petition for review is DENIED in part and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).